## WOODS, Housing Expediter v. MILLER.
### No. 5500.

United States District Court
W. D. Missouri, W. D.

Feb. 18, 1950.

Joseph Babka, St. Louis, Mo., Ralph E. Griffith, Kansas City, Mo., for plaintiff.

Kenneth C. West, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

There is no issue of fact in this case. The plaintiff seeks an injunction and to compel restitution in the case of a housing accommodation located at 802 Tracy Avenue, and referred to in the answer of

the defendant and the briefs as the Marlborough Apartment Hotel.

The averments of the complaint are admitted so far as the occupancy of the property is concerned, and, in like manner, the charges for such occupancy against the several tenants listed in plaintiff's schedule A are admitted to be true.

It is the contention of the defendant that the property was not subject to control but was specifically decontrolled by congressional enactment. This averment is based upon the amendment to the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1892, as follows:

"Sec. 202 * * *

. "(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include— (1)—* * *

"(B) * * *

"(2) * * * any establishment which on June 30, 1947, was commonly known as a hotel in the community in which it is located and was occupied by an appreciable number of persons who were provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service; * * *."

Upon the admissions of the defendant the plaintiff closed his case and relied upon the admitted averments of the complaint.

Thereupon the defendant offered testimony in support of his contention that the property in question was a hotel and within the exemption or exception above quoted.

The evidence was from witnesses who had owned and operated the property or who had occupied the property and otherwise were familiar with its operations over a long period of years. These witnesses, without exception, testified that the Marlborough Apartment Hotel was commonly known as a hotel in the community in which it was and is located. In support of these witnesses a photograph of a sign on the outside of the property was introduced which contained the legend,

"Apartment Hotel
Newly
Furnished $2.50 to $8.00 per week."

These witnesses testified further that it was so known on June 30, 1947, and prior to that time, as well as subsequently to that time. The witnesses said that it was, on June 30, 1947, occupied by an appreciable number of persons who were and are provided customary hotel services, "such as maid service, furnishing and laundering of linen, telephone, and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy services."

It appeared, furthermore, from such testimony, that it was licensed by the State of Missouri, as well as the City of Kansas City, as a hotel, and that in every way it conformed to the definition of a hotel appearing in a Missouri statute. Specifically, these witnesses said that there were three employees on the desk, and that there was a telephone service 24 hours per day, that there was janitor service, maintenance service, maid service, and that the furnishing and laundering of linen was afforded to the guests. In one or two instances it appeared that the guests elected to provide their own furniture as well as their laundry service. There were many transients using the hospitality of the accommodation, although, for a part of the time in recent years, the management undertook to eliminate transient patrons. Daily, weekly, and monthly rates were provided for the tenants. One witness said she managed the property from 1933 to 1940 but was familiar with its operations since that date. She was on the premises on June 30, 1947, and she said that it was then known as a hotel. Another witness was an occupant of the accommodation and has been for a period of years. At the time she testified she was a tenant of one of the apartments. She said that there were transient rooms, that it was known as the Marlborough Apartment Hotel; that she occupied Room No. 305, and No. 307, and that she, of her own volition,

furnished her own linen and used her own dishes.

The defendant testified that he had owned the property since January 1, 1948, but sold it on September 1, 1949. He bought it as a hotel under the impression that it was not subject to control, and expended $8,000 in cash aside from his own labor and that of his brother in improving the condition of the property. He supported the other witnesses to the effect that three persons were kept on the desk, that a repair man was constantly on duty, as well as maids. He said there were 54 units in the property; that he had never asked for decontrol for the reason that he believed it was not subject to control under the law, and that, in addition to improving the property, he had added additional apartments.

The government did not have rebuttal testimony, and the evidence on the part of the defendant remains uncontradicted.

Upon these facts the case falls squarely within the doctrine of Woods, Housing Expediter, v. Benson Hotel Corporation, 8 Cir., 177 F.2d 543, decided Nov. 11, 1949, and Woods, Housing Expediter, v. Western Holding Corporation, 8 Cir., 173 F.2d 655.

In every way the cases above cited are directly in point and are decisive of the question here. Accordingly, the defendant is entitled to a decree in his favor.